UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
:
MICHAEL HEEB et al.,                                               :
:      07 Civ. 10656 (TPG)
                            Plaintiffs,                            :
:
            -against-                                              :      **ANSWER**
:
THE REPUBLIC OF ARGENTINA,                                         :
:
                            Defendant.                             :
:
:
:
------------------------------------------------------------------ X

        Defendant the Republic of Argentina (the "Republic"), as and for its answer to the Complaint, dated November 28, 2007 (the "Complaint"), respectfully states as follows:

        1.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint, except admits that it entered into a Fiscal Agency Agreement dated December 10, 1993 (the "1993 FAA"), and refers to the 1993 FAA for its true and correct contents. The Republic admits that it issued a bond having ISIN US040114AH34.

        2.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint, except admits that it entered into a Fiscal Agency Agreement dated October 19, 1994 (the "1994 FAA"), and refers to the 1994 FAA for its true and correct contents. The Republic admits that it issued a bond having ISIN US040114AR16.

        3.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint, except admits that it entered into

the 1994 FAA, and refers to the 1994 FAA for its true and correct contents. The Republic admits that it issued a bond having ISIN US040114AR16.

4. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint, except admits that it entered into the 1994 FAA, and refers to the 1994 FAA for its true and correct contents. The Republic admits that it issued bonds having ISINs US040114AV28, US040114BE93, and US040114AR16.

5. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint, except admits that it entered into a USD Discount Bond and Par Bond Fiscal Agency Agreement dated April 7, 1993 (the "1993 DBP FAA") and refers to the 1993 DBP FAA for its true and correct contents. The Republic admits that it issued a bond having ISIN XS0043119147.

6. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint, except admits that it entered into a Floating Rate Bond and Exchange Agreement dated December 6, 1992 (the "1992 FRB"), and refers to the 1992 FRB for its true and correct contents. The Republic admits that it issued a bond having ISIN XS0043120236.

7. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint, except admits that it entered into the 1994 FAA, and refers to the 1994 FAA for its true and correct contents. The Republic admits that it issued a bond having ISIN US040114AR16.

8. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint, except admits that it entered into

the 1994 FAA, and refers to the 1994 FAA for its true and correct contents. The Republic admits that it issued a bond having ISIN US040114AR16.

9. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint, except admits that it entered into the 1994 FAA, and refers to the 1994 FAA for its true and correct contents. The Republic admits that it issued bonds having ISINs US040114AR16 and US040114GF14.

10. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint, except admits that it entered into the 1994 FAA, and refers to the 1994 FAA for its true and correct contents. The Republic admits that it issued a bond having ISIN US040114GF14.

11. Paragraph 11 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise admits that it is a foreign state as defined in 28 U.S.C. § 1603(a).

12. Paragraph 12 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

13. Paragraph 13 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

14. In response to Paragraph 14 of the Complaint, the Republic repeats and realleges each and every response to Paragraphs 1 and 11-13 of the Complaint.

15. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations

inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 16 of the Complaint for its true and correct contents.

17.     Paragraph 17 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 17 of the Complaint for its true and correct contents.

18.     Paragraph 18 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 18 of the Complaint for its true and correct contents. The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint.

19.     The Republic denies the allegations contained in Paragraph 19 of the Complaint.

20.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint. Paragraph 20 of the Complaint otherwise purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 20 of the Complaint for their true and correct contents.

21.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

22. Paragraph 22 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 22 of the Complaint.

23. In response to Paragraph 23 of the Complaint, the Republic repeats and realleges each and every response to Paragraphs 2-4 and 7-13 of the Complaint.

24. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 25 of the Complaint for its true and correct contents.

26. Paragraph 26 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 26 of the Complaint for its true and correct contents.

27. Paragraph 27 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 27 of the Complaint for its true and correct contents. The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint.

28. The Republic denies the allegations contained Paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 29 of the Complaint.

30. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint. Paragraph 30 of the Complaint otherwise purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 30 of the Complaint for their true and correct contents.

31. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

32. Paragraph 32 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 32 of the Complaint.

33. In response to Paragraph 33 of the Complaint, the Republic repeats and realleges each and every response to Paragraphs 5 and 11-13 of the Complaint.

34. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 35 of the Complaint for its true and correct contents.

36. Paragraph 36 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 36 of the Complaint for its true and correct contents.

37. Paragraph 37 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 37 of the Complaint for its true and correct contents.

38. The Republic denies the allegations contained in Paragraph 38 of the Complaint.

39. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

40. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 of the Complaint. Paragraph 40 of the Complaint otherwise purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 40 of the Complaint for their true and correct contents.

41. Paragraph 41 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 42 of the Complaint.

43. In response to Paragraph 43 of the Complaint, the Republic repeats and realleges each and every response to Paragraphs 6 and 11-13 of the Complaint.

44. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint.

45. Paragraph 45 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 45 of the Complaint for its true and correct contents.

46. Paragraph 46 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 46 of the Complaint for its true and correct contents.

47. Paragraph 47 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 47 of the Complaint for its true and correct contents.

48. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

49. Paragraph 49 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 49 of the Complaint.

### First Affirmative Defense

50. The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense[1]

51. Plaintiffs' claims are barred by the act of state doctrine.

### Third Affirmative Defense

52. To the extent plaintiffs are not acting in good faith in commencing and prosecuting this action, plaintiffs are barred from enforcing any rights they may otherwise have.

### Fourth Affirmative Defense

53. Plaintiffs' claims are barred by the doctrine of unclean hands.

### Fifth Affirmative Defense

54. Plaintiffs' claims are barred by the doctrine of abuse of rights.

### Sixth Affirmative Defense

55. Plaintiffs' claims are barred by N.Y. Judiciary Law Section 489.

---

[1] The Republic recognizes that the Court has addressed the Second and Fifth Affirmative Defenses listed herein. See Lightwater Corp. Ltd. v. Republic of Argentina, No. 02 Civ. 3804 (TPG), 2003 WL 1878420, at *5 (S.D.N.Y. Apr. 14, 2003). The Republic pleads these Affirmative Defenses here to preserve them for potential appellate review. In connection with the Sixth Affirmative Defense facts may exist in the present case that were not before the Court in the cases covered by the Lightwater and EM Ltd. v. Argentina, No. 03 Civ. 2508 (TPG), 2003 WL 22120745 (S.D.N.Y. Sept. 12, 2003) (amended Sept. 16, 2003) Orders.

**Seventh Affirmative Defense**

56. Plaintiffs' interest claims, if any, arising before November 28, 2002 are barred in part by the applicable statute of limitations/prescription period.

**Eighth Affirmative Defense**

57. Plaintiffs lack standing and/or capacity to sue, because they are not holders of bonds within the meaning of the 1993 FAA, 1994 FAA, 1992 FRB, or 1993 DPB FAA.

WHEREFORE, the Republic respectfully requests that the Court enter an order:

(a) dismissing plaintiffs' claims with prejudice;

(b) awarding the Republic costs and disbursements, including reasonable attorneys' fees; and

(c) granting the Republic such other and further relief as the Court may deem just and proper.

Dated: New York, NY
       January 28, 2008

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____
    Jonathan I. Blackman (jblackman@cgsh.com)
    Carmine D. Boccuzzi (cboccuzzi@cgsh.com)

One Liberty Plaza
New York, NY 10006
(212) 225-2000

Attorneys for the Republic of Argentina